Filed 9/18/15  Davis v. Ramsey  CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RUDOLPH J. DAVIS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CHARLES T. RAMSEY,<br><br>        Defendant and Respondent. | A143523<br><br>(Alameda County<br>Super. Ct. No. RG13697172) |

Appellant Rudolph Davis argued unsuccessfully before the Labor Commissioner that respondent Charles Ramsey improperly classified him as an independent contractor and owed him thousands of dollars in wages and vacation pay.  Davis sought relief in the trial court, which also rejected his claim.  Because Davis has failed in this court to identify any reversible error, we affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Ramsey is an attorney with an office in Oakland.  Davis provided services for Ramsey (mostly courier and process-server tasks) from April 2006 to March 2012 under the business name "RJ Attorney Support Services.com."  Davis submitted invoices for his services, and Ramsey paid them.  Although he never received a salary and did not raise the issue while he was providing his services, Davis later claimed that Ramsey had promised to pay him a $5,000 monthly salary.  He filed a claim with the Labor Commissioner in February 2013 alleging he was owed $130,000 in wages, $1,384.80 in vacation pay, and other damages.

1

Attorney Margaret Tormey, a contract attorney for Ramsey's law offices, represented Ramsey in the proceedings before the Labor Commissioner. Davis objected to this representation, claiming that Tormey had a conflict of interest because he previously had been a client of Tormey's. Tormey explained that at one point she had a brief conversation with Davis when he asked her questions about the loss of the use of his car, but she provided only limited information and did not believe she had represented him. The hearing officer ruled that there was no conflict of interest and that Tormey could represent Ramsey.

A hearing was held on August 29, 2013. The hearing officer dismissed Davis's claims after concluding that the evidence and testimony provided "overwhelming support" that Davis was an independent contractor. Davis filed an appeal of the Labor Commissioner's decision to the superior court, and a trial was scheduled for December 27, 2013.

On November 14, 2013, Davis requested to continue the trial until March 21, 2014, to hire an attorney and to address "outstanding discovery." The trial court ultimately continued the trial until April 11, 2014, but it did not order discovery to be reopened. (Code Civ. Proc., § 2024.020, subd. (b) [continuance of trial date does not operate to reopen discovery].)

Right before the rescheduled trial date, Davis sued Ramsey and the Internal Revenue Service in federal court for declaratory relief and asked that the proceedings in state court be stayed. In response, the state superior court again continued the trial date, this time until October 10, 2014. On October 10, the court ordered that the matter be heard by Judge Brenda Harbin-Forte on October 15.

At the hearing on October 15, Judge Harbin-Forte disclosed that she knew Ramsey and his family and that they "work together raising funds." According to the minute order, "[b]eing no objections by the parties, grounds for Court's disqualifications are waived."

The court then proceeded to hear testimony from Davis, Ramsey, and Tormey about Davis's claims that Tormey had a conflict of interest in representing Ramsey.

After finding that no attorney-client relationship between Davis and Tormey had been established, the court denied Davis's request to disqualify Tormey. At the ensuing trial, Davis and Ramsey both testified, but further trial proceedings were continued to October 22.

At the continued trial on October 22, Davis requested yet another "brief continuance," citing "scheduling conflicts and work duties." The request was denied for lack of good cause. Ramsey resumed testifying. Following the close of evidence and the parties' arguments, the trial court concluded that Davis had failed to prove he was Ramsey's employee, and the court entered judgment for Ramsey.[1] Davis elected to proceed for the purpose of an appeal with a clerk's transcript only and did not request a reporter's transcript.

On appeal, Davis failed to file a timely reply brief even though he was given a 30-day extension of time, to August 5, 2015, in which to file one. And although Davis stated on the cover sheet of his opening brief that, "Notice of oral argument is not and will not be waived," he failed to timely respond to this court's August 20, 2015 notice of oral argument election, which informed him that he was required to submit a request for oral argument, along with a proof of service, within 10 calendar days of the notice. (Ct. App., First Dist., Internal Operating Practices & Proc., § III.B.3., Processing of Appeals, Oral Argument and Submission of the Cause (http://www.courts.ca.gov/documents/IOP District1.pdf [as of September 18, 2015]).) Instead of complying with these time limits, on September 3, 2015, Davis requested permission to file a reply brief and to have oral argument. He did not, however, provide the court a specific date by which he planned to file a reply brief. The court hereby denies Davis's requests to file a reply brief and to proceed with oral argument, for lack of good cause shown.

---

[1] Davis filed a notice of appeal after judgment was rendered but before it was entered. We treat the notice of appeal as having been filed immediately after entry of judgment. (Cal. Rules of Court, rule 8.104(d)(1).) Davis filed another notice of appeal after judgment was filed, but this court dismissed that duplicate appeal for failure to procure the record. (No. A143905.)

## II.
### DISCUSSION

The legal arguments in Davis's opening brief span fewer than two pages, contain no citations to the record or legal support, and we quickly reject them.

Davis first complains that the trial court erred when it denied him a continuance at some unspecified point to allow him "to retain counsel." He suggests that he asked to seek counsel in connection with the trial judge's disclosure that she knew Ramsey, but the minute order of that day reveals no request for a continuance. The record instead reveals that the court granted several *other* continuances, and the matter was heard in October 2014 after originally being scheduled for trial in December 2013. Davis does not articulate why the trial court erred, much less abused its discretion, when it concluded that Davis had not shown good cause for a further continuance on October 22, 2014, when he claimed he had scheduling conflicts and work duties (not a need for an attorney, as he claims on appeal). (See also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [where there are no record citations to support an argument, court may treat the issue as waived]; Cal. Rules of Court, rule 8.204(a)(1)(C) [factual references must be supported by citation to the record].) To the extent Davis asserts error by the Labor Commission hearing officer in denying some unspecified request for a continuance, we likewise find that this issue has been waived for failure to provide any support in the record for this assertion. (*Nwosu,* at p. 1246.)

Davis also claims the trial court erred in denying his request to disqualify Tormey as Ramsey's attorney, but his entire argument is that in doing so the court "clearly . . . violated [his] rights to a fair hearing." Having failed to support this contention with any legal authority or rationale, we disregard this conclusory argument. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1; Cal. Rules of Court, rule 8.204(a)(1)(B) [points must be supported by citation to legal authority where possible].)

We next reject Davis's argument that Judge Harbin-Forte "violated Davis['s] rights to a fair and impartial hearing by failing to recuse herself prior to the trial" based on an alleged conflict of interest. The record reveals that there was *no objection* to the

4

judge's disclosure that she knew Ramsey and his family.  Thus, Davis waived this issue on appeal by not raising it below.  (*North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 28-29.)

Davis also briefly contends that the trial court "erred in denying Davis['s] motion to remand [the] case to the Labor Board commissioner."  But the trial court's order is presumed correct, and by failing to offer any reasoned argument or legal or factual support for his contention, Davis falls far short of his burden of demonstrating reversible error.  (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435; see also *Jie v. Liang Tai Knitwear Co.* (2001) 89 Cal.App.4th 654, 658, fn. 2 [court may disregard argument where party "fail[s] to make the necessary connection between any alleged error, prejudice to them, and how such facts require reversal"].)

Finally, Davis asks in his opening brief that we "take judicial notice of all documents and oral proceedings held in this action California Labor Board [*sic*], and all supplemental documents and oral arguments to be offered in this action."  Davis failed to file a separate noticed motion, did not submit the documents to be judicially noticed to this court, or otherwise comply with California Rules of Court, rule 8.252(a).  His request is therefore denied.

## III.
### DISPOSITION

Davis's requests to file a reply brief and to proceed with oral argument are denied.  His request for judicial notice also is denied.  The judgment is affirmed.  Respondent Ramsey shall recover his costs on appeal.

_____
Humes, P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.


*Davis v. Ramsey* (A143523)

6